■ In the Matter of INCORPORATED VILLAGE OF FREEPORT PARK COMMISSION et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 28, 1972, which modified and, as modified, affirmed a determination of the State Division of Human Rights, dated June 2, 1971. The latter determination, as modified and affirmed, found that petitioners herein had discriminated against the complainant because of her sex and ordered petitioners *inter alia* to offer the complainant employment in petitioners' summer recreation program for 1972 and pay her $305 in compensatory damages. Petition granted only to the extent that the order of the Appeal Board is modified, on the law, to the extent of reducing the $305 award to $245, and, as so modified, the order is confirmed, without costs. As a result of the discrimination the complainant was refused a job as a recreation aide in the petitioner commissioner's Recreation Department which paid $480 over an eight-week period in the summer of 1970. After having been refused such position she subsequently obtained employment in a day camp. There she worked seven weeks, receiving a total compensation of $175. Illness caused her to miss some time at the day camp. In our opinion the award here in question, $305, was erroneous. It is clear that the position of recreation aide paid $60 per week and the position at the day camp paid $25 per week. The difference between these amounts, multiplied by seven weeks (the period the complainant was able to work), results in $245 damages. The fact that the complainant was unable to work for a week due to illness requires that the compensatory award be made on the basis of seven weeks rather than eight weeks. The complainant's illness and the consequent partial loss of earnings did not flow from the discrimination. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.